IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERAFINA LICCARDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1432-E-BN |
| | § | |
| ROSE LYSKOWSKI, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Serafina Liccardi filed this *pro se* action in state court against Delta Personnel Services, members of her family, and other employees of Delta Personnel. *See* Dkt. Nos. 1-3, 1-8. Defendants jointly removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1. And Liccardi moved to remand or voluntarily dismiss in order to refile in state court. *See* Dkt. Nos. 6, 7.

Because Liccardi is proceeding *pro se*, United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion to remand or voluntarily dismiss and dismiss this lawsuit with prejudice.

**Discussion**

**I.   The Court should deny Liccardi's motion to remand or voluntarily dismiss.**

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "[a] motion to remand … must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)," 28 U.S.C. § 1447(c).

But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

Liccardi's motion to remand appears to solely assert that this Court lacks subject-matter jurisdiction because her claims are state-law claims. *See* Dkt. No. 7.

But Defendants did not remove on the basis of federal question jurisdiction, so Liccardi's argument fails.

But the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). And "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

In cases like this one invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Here, the uncontested facts alleged in the removal notice show that Liccardi is a citizen of Texas and the individual defendants are citizens of Florida or New Jersey. *See* Dkt. No. 1 at 3-4. And the corporate defendant, Delta Personnel, is incorporated in and has its primary place of business in New Jersey, so it is a citizen of New Jersey. *See id.* at 4; 28 U.S.C. § 1332(c)(1) (for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

So each defendant's citizenship is diverse from that of Liccardi. And Liccardi's amended complaint demands well over $75,000 in relief. *See* Dkt. No. 1-8 at 9-10.

Therefore, this Court has subject-matter jurisdiction over this removal action under 28 U.S.C. § 1332, and Liccardi's motion to remand should be denied.

Liccardi also seeks to voluntarily dismiss her action so that she can refile in state court. *See* Dkt. No. 7 at 2; *see also* Dkt. No. 6. But she does not meet the requirements for voluntary dismissal without a court order. *See* FED. R. CIV. P. 41(a)(1)(A). And as discussed below, the Court should *sua sponte* dismiss this action with prejudice rather than dismissing under Federal Rule of Civil Procedure 41(a)(2) so the action can be refiled in state court.

## II. The Court should *sua sponte* dismiss Liccardi's complaint for failure to state a claim.

A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *accord Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on 12(b)(6) grounds *sua sponte*." (citations omitted)). "The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

A magistrate judge's findings, conclusions, and recommendation provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018

WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.), *cert. denied*, 140 S. Ct. 142 (2019).

Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and

naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

Liccardi filed an amended complaint in state court before removal that asserts one cause of action – a claim under chapter 48 of the Texas Human Resource Code relating to a "Disabled Child/Adult Family Member putting an end to the Financial Exploitation, Abuse and Neglect at the hands of her own family." Dkt. No. 1-8 at 9.

But chapter 48 of the Texas Human Resources Code provides statutory authority for the Texas Department of Family and Protective Services "to investigate the abuse, neglect, or exploitation of an elderly person or person with a disability and to provide protective services to that person." TEX. HUM. RES. CODE § 48.001. It does not explicitly create any private right of action. *See generally id.* ch. 48. And Texas law generally does not support reading an implied private right of action into a statute. *See Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004) ("[T]he Legislature

may grant private standing to bring such actions, but it must do so clearly." (citing *Agey v. Am. Liberty Pipe Line Co.*, 172 S.W.2d 972, 974 (Tex. 1943))); *Bickham v. Dallas County*, 612 S.W.3d 663, 670 (Tex. App.—Dallas 2020, pet. denied) ("The fact that a statute has been violated and some person has been harmed does not automatically give rise to a private cause of action in favor of that person. (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 687 (1979))).

Because the statute Liccardi relies upon in her amended complaint does not support a private cause of action, she has not stated a claim for which relief can be granted, so the lawsuit should be dismissed with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Liccardi already amended her complaint once before this case was removed, but she has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Liccardi could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### Recommendation

The Court should deny Liccardi's motion to remand or voluntarily dismiss [Dkt. Nos. 6, 7] and dismiss the lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE